IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:12-CV-20-FL

| | |
|---|---|
| SHERRYL LYNN JACOBS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROBESON COUNTY PUBLIC LIBRARY, ) <br> BOARD OF DIRECTORS FOR ) <br> ROBESON COUNTY PUBLIC LIBRARY, ) <br> ROBERT F. FISHER, HORACE STACY, ) <br> GAYLE MCLEAN, and TINA MELLEN ) <br> STEPP THOMAS, ) <br> ) <br> Defendants. ) | MEMORANDUM AND <br> RECOMMENDATION |

This matter comes before this court on the motion by the individually-named Defendants Robert F. Fisher, Horace Stacy, Gayle McLean and Tina Mellen Stepp-Thomas (altogether "Individually-Named Defendants") to dismiss the complaint [DE-24] and on the motion by Plaintiff Sherryl Lynn Jacobs ("Plaintiff") for summary judgment. [DE-30]. The motions were referred to this court in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72.3(c), and are considered here as a recommendation to the district court. For the reasons below, this court recommends that each of the motions be denied without prejudice.

## BACKGROUND

On January 19, 2012, Plaintiff filed a complaint against Defendants Robeson County Public Library, members of the Robeson County Library Board of Directors from 2007-2009, Robert F. Fisher, Horace Stacy, Gayle McLean and Tina Mellen Stepp-Thomas. Compl. [DE-1-1] ¶ 2. The individually-named Defendants are identified in the complaint as either directors or

members of the Robeson County Library Board of Directors. *Id.* ¶ 7. Plaintiff's complaint seeks redress for alleged employment discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act.[1] *Id.* ¶¶ 3, 4. Plaintiff alleges that Defendants discriminated against her from January 2007 through September 2009. *Id.* ¶ 8. In particular, Plaintiff alleges she was discharged from her employment and retaliated against based on her disability. *Id.* ¶¶ 4, 6. Plaintiff alleges further that Defendants refused to provide her with "work area equipment to satisfy Work Place Evaluation" and required her to use her lunchtime to travel from one duty location to another. *Id.* ¶ 9. Plaintiff alleges that she was the only employee denied lunch breaks on a consistent basis and that Defendants refused to authorize breaks as allowed by the employee manual. *Id.* Plaintiff alleges further that Defendants "took away" her position and awarded it to a part-time employee and "took away" her office and moved her to a work space where Defendants knew the equipment failed to meet the requirements of the "Work Place Evaluation." *Id.* Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") regarding Defendants' alleged discriminatory conduct on or about October 19, 2009, and Plaintiff received her Notice of Suit Rights letter from the EEOC on October 26, 2011.[2] *Id.* ¶ 11; [DE-1-2].

---

[1] Plaintiff's complaint appears to be either a form Title VII employment discrimination complaint or adapted from such a form complaint wherein the governing statute for the asserted cause of action (Title VII) is preprinted on the form and the complainant is to provide information substantiating her claims.

[2] The Charge of Discrimination attached to the complaint indicates the basis of the alleged discrimination reported to the EEOC is retaliation and disability occurring on September 8, 2009. [DE-1-2] at 1. According to the charge narrative, Plaintiff requested a disability accommodation from January 2008 through July 2009. *Id.* The narrative provides further that on or about August 5, 2009, Plaintiff was demoted to a clerk position by Defendant Stepp and discharged on September 8, 2009. *Id.*

On April 3, 2012, the individually-named Defendants moved to dismiss the complaint. Mot. to Dismiss [DE-24]. On the same date, all Defendants filed a joint answer to the complaint. Ans. [DE-26]. Thereafter, on April 17, 2012, Plaintiff filed an amendment to her complaint. Pl.'s Am. to Compl. [DE-29]. In her purported amendment, Plaintiff states that the individually-named Defendants and two new defendants[3] harassed Plaintiff and retaliated against her for filing a workers compensation claim against the Robeson County Library. *Id.* at 1. In particular, Plaintiff alleges that after her "initial on the job neck injury and finalization of [her] workers compensation claim Mr. Fisher took away [her] supervisory position and awarded it to a part-time employee." *Id.* at 2-3. She alleges further that Defendants' refused to accommodate her disability by failing to provide her with a work area equipped to satisfy the Work Place Evaluation. *Id.* at 3. Plaintiff alleges that while she regained her supervisory position, she was denied work breaks after being diagnosed with "Bilateral Carpal Tunnel" in violation of the library's employee manual. *Id.* Finally, Plaintiff alleges she was denied permission to speak with other employees during and after work. *Id.*

On April 17, 2012, Plaintiff filed a document entitled "Reply" to Defendants' motion to dismiss. Reply [DE-30]. Plaintiff's reply is directed to Defendants' answer and provides responses to Defendants' numbered responses and defenses contained in their answer. *Id.* at 2-4. Within her reply, however, Plaintiff states that she "requests a motion for summary judgment" and requests that Defendants "be held accountable for their actions through a summary judgment." *Id.* at 1, 4.

---

[3] The two new defendants are identified in Plaintiff's amendment to her original complaint as Elizabeth Townsend and Larry McGougan. Pl.'s Am. to Compl. [DE-29] at 1.

3

On April 17, 2012, Plaintiff filed a memorandum in response to Defendants' motion to dismiss. Pl.'s Mem. [DE-31]. On April 27, 2012, all Defendants with the exception of Townsend and McGougan, filed an answer to Plaintiff's purported amendment to her complaint. Ans. to Pl.'s Am. to Compl. [DE-32]. Within their answer, Defendants assert that Plaintiff's amendment should be stricken because Plaintiff filed her amendment after Defendants had filed their responsive pleading and Plaintiff failed to obtain Defendants' consent or leave of court to amend her complaint. *Id.* at 1.

## DISCUSSION

A. <u>The Effect of Plaintiff's Purported Amendment</u>

In accordance with Fed. R. Civ. P. 15(a)(1), a party may amend a pleading as of right before being served with a responsive pleading. Once the amending party has received a response to its initial pleading, amendment is permissible with the opposing party's written consent or leave of court. *See* Fed. R. Civ. P. 15(a)(2). In that circumstance, amendment rests with the court's discretion and should be freely granted "when justice so requires." *Id.* "As a general rule, an amended pleading ordinarily supercedes the original and renders it of no legal effect." *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (citation and internal quotations omitted).

"Rule 15 requires that leave to amend shall be freely given when justice so requires, and that leave should be granted with extreme liberality because cases should be decided on the merits, rather than on the pleadings or technicalities." *Kuria* v. *Palisades Acquisition XVI, LLC*, 752 F. Supp. 2d 1293, 1297-98 (N.D. Ga. 2010) (internal quotation marks and citations omitted); FED. R. CIV. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *accord*

4

*Laber* v. *Harvey,* 438 F.3d 404, 426 (4th Cir. 2006) (describing Rule 15(a) as "a liberal rule [which] gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities"). Accordingly, leave to amend "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber*, 438 F.3d at 426.

Here, Plaintiff failed to amend her pleading prior to Defendants' responsive pleading nor did she move the court to amend her complaint or seek consent from Defendants. Plaintiff's actions clearly violate Rule 15. Nonetheless, the court finds that amendment should be allowed. Plaintiff's amendment was made early in the case and Defendants have not demonstrated any prejudice as a result of Plaintiff's amendment. In fact, Defendants have answered the amended complaint and asserted no objection to the amendment other than Plaintiff failed to follow the proper amendment procedure. Because Plaintiff's amendment is allowed, Plaintiff's amendment supercedes Plaintiff's original complaint. *See Young*, 238 F.3d at 572. Accordingly, the motion filed by the individually-named Defendants to dismiss the initial complaint is moot and Plaintiff's motion is denied without prejudice.

B.  Plaintiff's Motion for Summary Judgment.

As part of her response to Defendants' motion to dismiss, Plaintiff has moved for summary judgment. [DE-30]. However, Plaintiff's motion is premature. The Supreme Court has noted "[i]n our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986);

5

*see Temkin v. Frederick v. Frderick County Comm'rs*, 945 F.2d 716, 719 (4th Cir. 1991) ("Summary judgment may only be entered after 'adequate time for discovery.'") (citing *Celotex*, 477 U.S. at 322). A case management order has been entered today and discovery between the parties has not yet commenced. The case record contains no affidavits or discovery responses on which to sustain such a motion, but only allegations contained in the parties respective pleadings, and averments contained in their few filings. In fact, Plaintiff filed her motion before Defendants answered her amended complaint. Ultimately, however, Defendants are entitled to conduct discovery before being compelled to respond to a motion for summary judgment. *Rudolph v. Buncombe County Government*, No. 1:10-CV-203, 2011 WL 1883814, at *1 (W.D.N.C. May 17, 2011); *Williams v. Calton*, No. 7:10-CV-75, 2011 WL 320813, at *3 (W.D. Va. Jan 28, 2011) (citing *Celotex*, 477 U.S. at 322). Under the present circumstances summary judgment is premature. *See Rudolph,* 2011 WL 1883814, at *1 (*pro se* plaintiff's motion for summary judgment denied without prejudice as premature where plaintiff included motion in her reply to Defendant's answer before discovery had been completed). Accordingly, it is recommended that Plaintiff's motion for summary judgment be denied without prejudice.

## CONCLUSION

For the reasons stated above, this court RECOMMENDS that the individually-named Defendants' motion to dismiss [DE-24] be denied without prejudice and Plaintiff's motion for summary judgment [DE-30] be denied without prejudice.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days upon receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the

District Court on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This, the 18th day of May, 2012.

Robert B. Jones, Jr.
United States Magistrate Judge